Filed: 6/16/2015 4:22:46 PM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Steven Janway Deputy
Envelope ID: 5701254

CAUSE NO. __296-02404-2015__

| | | |
|---|---|---|
| **3W POWER USA, INC. f/k/a AEG POWER SOLUTIONS USA, INC.,** | § § § § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § § | |
| **v.** | § § | ____ **JUDICIAL DISTRICT** |
| **POWER MAX CO., LTD.,** | § § § | |
| **Defendant.** | § | **COLLIN COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff 3W Power USA, Inc. f/k/a AEG Power Solutions USA, Inc. ("AEG" or "Plaintiff"), files its Original Petition against Power Max Co., Ltd. ("Power Max" or "Defendant"), and states:

### I. DISCOVERY LEVEL

1.      Discovery in this matter is intended to be conducted under a level 2 discovery control plan.

### II. PARTIES

2.      Plaintiff 3W Power USA, Inc. f/k/a AEG Power Solutions USA, Inc. is a Delaware corporation with its principal place of business in Collin County, Texas.

3.      Defendant Power Max Co., Ltd. is a Japanese company doing business in Texas. Power Max has continuous and systematic contacts with the State of Texas such that the exercise of general jurisdiction is appropriate. Additionally, Power Max has (a) contracted by mail or otherwise with a Texas resident and either party was to perform the contract in whole or in part in Texas; (b) committed a tort in whole or in part in Texas; and/or (c) recruited Texas residents,

PLAINTIFF'S ORIGINAL PETITION - Page 1



directly or through an intermediary located in Texas, for employment. Power Max neither maintains a regular place of business in Texas nor a registered agent for service of process in Texas. Power Max may be served with process through the procedures set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. The Japanese Central Authority is the Ministry of Foreign Affairs, 2-2-1 Kasumigaseki Chiyoda-ku, Tokyo 100-8919 Japan. Power Max's address in Japan is 3-10-24, Hakataekimae, Hakata-ku, Fukuoka 812-0011 Japan.

## III.   JURISDICTION AND VENUE

4.     Jurisdiction is proper in this matter because Power Max, a non-resident of Texas, has done business in and committed the acts and omissions alleged herein, in whole or in part, in the State of Texas and is amenable to service by a Texas Court. The damages sought herein are within the jurisdictional limits of this Court. Venue in this matter is proper pursuant to Texas Civil Practice and Remedies Code §15.002(a)(1) and (3) and §15.005 because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in Collin County, Texas, and because Plaintiff is a resident of Collin County, Texas.

## IV.   APPLICABLE FACTS

5.     Plaintiff AEG is a provider of power electronic systems and solutions for all industrial power supplies. Among the many products manufactured by AEG are power inverters used in the generation of solar energy.

6.     On July 13, 2013, Power Max issued a purchase order (the "PO") to AEG wherein it ordered the manufacture of five hundred (500) inverter systems at a cost of $12,000 per system. Each such inverter system included one (1) cabinet and three (3) 15 kW inverter modules for a

**PLAINTIFF'S ORIGINAL PETITION** - Page 2



total capacity of 45 kW per system (hereinafter, each inverter system required by the PO shall be referred to simply as an "Inverter").

7.      The PO called for the delivery of the first 32 Inverters as soon as possible.  The next 48 Inverters were due to be delivered in August 2013.  The remaining Inverters were due to be delivered by the end of 2013.  The PO required Power Max to deposit 20% of the purchase price in advance of each partial order, 60% when ready for shipment and the balance of 20% thirty (30) days after delivery.

8.      AEG accepted the PO and began the process of acquiring the necessary materials to deliver the Inverters in accordance with the schedule in the PO.  Power Max, however, requested the first order be reduced to 16 Inverters.  Power Max paid the 20% deposit and, upon notification that the first 16 Inverters were ready for shipment, paid the additional 60% due at that time.  At $12,000 per unit, the total purchase price was $192,000.  Of this amount, Power Max paid $153,600 prior to shipping.

9.      AEG shipped the first 16 Inverters to Power Max and invoiced Power Max for the total purchase price of $192,000.  The Inverters shipped to Power Max fully complied with all specifications and requirements of the agreement between the parties.  However, Power Max failed and refused, and continues to fail and refuse, to pay the balance due and owing to AEG on the first order in the amount of $38,400.

10.     In order to supply the Inverters required by the PO, AEGcontract with and became indebted to is suppliers in amounts exceeding $2,500,000.  However, without justification or excuse, Power Max failed and refused, and continues to fail and refuse, to purchase the remaining four hundred eighty-four (484) Inverters required by the PO.

**PLAINTIFF'S ORIGINAL PETITION - Page 3**

11.     As a direct and proximate result of Power Max's failure to purchase the Inverters it ordered from AEG, AEG has been further damaged in the amount of five million eight hundred eight thousand and 00/100 dollars ($5,808,000), representing the purchase price for the remaining Inverters Power Max ordered under the PO.

12.     All conditions precedent to AEG's recovery herein have occurred.

## V. CAUSES OF ACTION

### A.     Count One: Breach of Contract

13.     As set forth above, Power Max issued the PO to AEG, which AEG accepted.  The accepted PO constitutes an enforceable contract between Power Max and AEG for the delivery of 500 Inverters.  Of the 500 Inverters ordered by Power Max, it purchased only 16.  Furthermore, not only did Power Max fail to purchase the additional 484 Inverters it ordered, it failed even to pay the full purchase price for the 16 Inverters which were delivered.

14.     As a result of the foregoing, Power Max is in breach of the agreement between the parties.  As a result of such breach, AEG has been damaged in the amount of Five Million Eight Hundred Forty-Six Thousand Four Hundred and 00/100 Dollars ($5,846,400).

### B.     Count Two: Attorneys' Fees

15.     AEG has made demand on Power Max and more than thirty (30) days have elapsed since such demand without payment by Poweer Max.  Accordingly, AEG is entitled to recover its reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001.



## VI. <u>PRAYER</u>

Wherefore, premises considered, Plaintiff respectfully prays that Defendant be cited to appear and answer herein and that this Court, upon final hearing, enter judgment against Defendant for the following relief:

(a)       actual damages;

(b)       attorneys' fees;

(c)       costs of court;

(d)       pre- and post-judgment interest at the highest lawful rate; and

(e)       such other and further relief which this Court may deem just and proper.

Respectfully submitted,

By: /s/ Baxter W. Banowsky
     Baxter W. Banowsky
     State Bar No. 00783593

**BANOWSKY & LEVINE, P.C.**
12801 N. Central Expressway
Suite 1700
Dallas, Texas 75243
Telephone: (214) 871-1300
Facsimile: (214) 871-0038
Email: bwb@banowsky.com
**ATTORNEYS FOR PLAINTIFF**

<u>PLAINTIFF'S ORIGINAL PETITION - Page 5</u>

