<pre>
1                 IN THE UNITED STATES DISTRICT COURT

2                FOR THE EASTERN DISTRICT OF TEXAS

3                         SHERMAN DIVISION

4
   3W POWER USA, INC.              )
5                                  )
   VS.                            )  Civil No. 4:15CV677
6                                  )
   POWER MAX CO., LTD.            )
7

8                  EXCERPT OF STATUS CONFERENCE

9            BEFORE THE HONORABLE RICHARD A. SCHELL

10               UNITED STATES DISTRICT JUDGE

11                      MARCH 21, 2017

12
   APPEARANCES
13 FOR THE PLAINTIFF:          Mr. Baxter Ward Banowsky
                               Banowsky & Levine, PC
14                             12801 N. Central Expressway
                               Suite 1700
15                             Dallas, Texas 75243
                               (214)871-1300
16
   FOR THE DEFENDANT:          Mr. Robert Brownlie
17                             DLA Piper US LLP - San Diego
                               401 B Street
18                             Suite 1700
                               San Diego, California 92101
19                             (619)699-2700

20

21 COURT REPORTER:             Ms. Lori Barnett
                               P.O. Box 1993
22                             Van Alstyne, Texas 75495
                               (903)712-2273
23

24 Proceedings recorded by mechanical stenography, transcript

25 produced by CAT
</pre>

1    (Proceedings were held, then a recess, and the following is a

2         transcript of the proceedings held after the recess)

3

4              THE COURT:  Let's go back on the record on 3W

5         Power USA vs. Power Max, cause number 4:13CV677, I see

6         the lawyers are back in the courtroom.

7              Mr. Banowsky?

8              MR. BANOWSKY:  Yes, Your Honor.

9              We have finished talking.  And what our current

10        plan is, if the Court will indulge us -- the first

11        payment under the settlement agreement is due at the end

12        of the month.  We need to get our principals at CT

13        Corporation and at -- excuse me, at CT and at 3W Power,

14        those principals need to come together because the

15        dispute is primarily on that side of the table.  It's not

16        really with Mr. Brownlie's client.  We've agreed to try

17        and get that done ASAP so we can use the time between now

18        and when that first payment comes due to determine

19        whether or not there's going to be an issue with respect

20        to proceeding with the settlement.

21              I think what we would like to do is figure out as

22        quickly as possible if we can't just go forward with the

23        settlement.  We have some logistical difficulties because

24        my clients are in Germany.  And if we wanted to get

25        Mr. Brownlie's clients involved -- which I don't know

1    that we do at this point -- they are in Japan obviously.

2    Mr. Brownlie has kindly offered his firm's services with

3    a -- they have a virtual conferencing center which will

4    allow us in the time that's presented to bring everybody

5    together virtually in the same place.  We are still

6    discussing whether or not we think it would be helpful to

7    have a mediator, depending on how promptly the parties

8    get together.  And if we -- and so with the Court's

9    indulgence we would like to just decide whether or not to

10   have a mediator.  And if we do, then we will do that from

11   a private perspective.  Hire a mediator to help us

12   resolve the issues.

13        But we should be able to report back before the

14   first payment is due at the end of the month, whether or

15   not the case is settled or if we're going to have to

16   proceed with the motions on the Court's docket.

17        THE COURT:  Okay.  The end of the month would be

18   Friday, March 31st.  So can you give me -- can you file a

19   status report by the close of business on Friday,

20   March 31st?

21        MR. BANOWSKY:  Absolutely, Your Honor.

22        MR. BROWNLIE:  Yes, Your Honor.

23        THE COURT:  Okay.  Now I think I heard on the

24   record that Mr. Brownlie said an agreement had been

25   reached and signed by your client; is that correct,

1          Mr. Brownlie?

2                    MR. BROWNLIE:  Yes, Your Honor.

3                    THE COURT:  And Mr. Banowsky, you said that your

4          client had agreed to it and signed it?

5                    MR. BANOWSKY:  That's correct, although this

6          executed agreement has never been delivered to

7          Mr. Brownlie.

8                    THE COURT:  It's been signed by both parties, but

9          a copy -- executed copy by both parties, but not

10         delivered to Mr. Brownlie.

11                   MR. BANOWSKY:  Correct.  My client signed it, but

12         not -- but -- but in the -- in the interim we had the

13         dispute.  And so my client signed it in the event that

14         the dispute was resolved, then we would be able to then

15         immediately have access to the document to execute the

16         settlement.  But my client has accepted the terms, it

17         just hasn't -- because of the objection that was raised

18         by CT, it hasn't been, from his perspective, taken the

19         last step of consummating by delivering.  Whether or not

20         that last step is necessary for a binding agreement or

21         not binding agreement, I don't know.

22                   THE COURT:  I don't either.  I would have to have

23         briefing on that.

24                   MR. BANOWSKY:  I would have to do the briefing on

25         it, Your Honor.  I'm hoping not to have to do that.

```
 1              THE COURT:  Okay.  Great.  I'll look forward to
 2    your status report to the Court by the close of business
 3    on March 31st then.
 4              MR. BROWNLIE:  Thank you, Your Honor.
 5              THE COURT:  Okay.  Anything further?
 6              MR. BANOWSKY:  Nothing further, Your Honor.  May
 7    we be excused?
 8              THE COURT:  Yes.
 9              MR. BANOWSKY:  Thank you.
10              THE COURT:  Thank you.
11                      (End of proceedings)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1   I certify that the foregoing is a correct transcript from the

 2   record of proceedings in the above-entitled matter.

 3

 4   /s/ Lori Barnett                      3/23/17
     COURT REPORTER                        DATE
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```